ACCEPTED
03-14-00543-CR
3697154
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/8/2015 1:02:29 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00543-CR

IN THE

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/8/2015 1:02:29 PM
JEFFREY D. KYLE
Clerk

| | | |
|---|---|---|
| KEVIN PICHARDO | § | APPELLANT |
| VS. | § | |
| THE STATE OF TEXAS | § | APPELLEE |

APPEAL FROM THE 167th DISTRICT COURT

TRAVIS COUNTY, TEXAS

CAUSE NO. D-1-DC-13-203348

STATE'S BRIEF

ROSEMARY LEHMBERG
District Attorney
Travis County, Texas

Lisa Stewart
Assistant District Attorney
State Bar No. 06022700
Lisa.Stewart@traviscountytx.gov
AppellateTCDA@traviscountytx.gov
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax No. (512) 854-4810

Oral Argument Not Requested

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................... 2

**INDEX OF AUTHORITIES** ............................................................................... 3

**STATEMENT OF THE CASE** ........................................................................... 4

**STATEMENT OF FACTS** ................................................................................. 5

**NATURE OF APPEAL** ..................................................................................... 8

**STATE'S RESPONSE TO APPELLANT'S BRIEF** ....................................... 9

THE STATE AGREES THAT THERE ARE NO MERITORIOUS GROUNDS OF ERROR AND THAT THIS APPEAL IS FRIVOLOUS. .............. 9

**PRAYER** ........................................................................................................... 10

**CERTIFICATE OF COMPLIANCE** ............................................................... 11

**CERTIFICATE OF SERVICE** ......................................................................... 11

# INDEX OF AUTHORITIES

**Cases**

*Anders v. California,* 386 U.S. 738 (1967) ................................................................................. 8, 9

*Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969) ............................................................ 8

*High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978) .............................................................. 8, 9

*Penson v. Ohio*, 488 U.S. 75 (1988) ............................................................................................ 9

*Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991) .......................................................... 9

**Rules**

Tex.R.App.Proc. 9.4(e) ............................................................................................................... 10

Tex.R.App.Proc. 9.4(i)(3) ........................................................................................................... 10

**NO. 03-13-00543-CR**

IN THE

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

AUSTIN, TEXAS

| | | |
|---|---|---|
| KEVIN PICHARDO | § | APPELLANT |
| VS. | § | |
| THE STATE OF TEXAS | § | APPELLEE |

APPEAL FROM THE 167TH JUDICIAL DISTRICT COURT

TRAVIS COUNTY, TEXAS

CAUSE NO. D-1-DC-13-203348

**TO THE HONORABLE COURT OF APPEALS:**

Now comes the State of Texas and files its brief in response to the appellant's brief.

**STATEMENT OF THE CASE**

The State charged appellant with assault on a public servant. (CR 11-12). Appellant waived a jury trial and had a trial before the court. (CR 44). Both sides presented evidence to the court. (RR II). The trial judge found appellant guilty of

4

resisting arrest and imposed a 10-day sentence.[1]  (CR 56-57).  Appellant timely

filed a *pro se* notice of appeal.  (CR 58-60).  The trial court certified appellant's

right to appeal.  (CR 49).

## STATEMENT OF FACTS

The State charged appellant with assault on a public servant.  The indictment

specifically alleged, in relevant part, that on or about June 16, 2013, appellant

intentionally, knowingly, or recklessly caused bodily injury to Ronald Enriquez by

"grabbing and squeezing [him] on or about the head, and by pushing [him] on or

about the torso," and that appellant knew Enriquez was a public servant, a peace

officer, lawfully discharging an official duty, to-wit: attempting to arrest appellant.

(CR 11).  Appellant pled not guilty to the charged offense.  (RR II: 6).

Austin Police Officer Ronald Enriquez was assigned to patrol the Sixth

Street entertainment district on June 16, 2013.  (RR II: 8).  During his evening

shift, Enriquez responded to a disturbance call outside of a nightclub called the 512

Bar.  (RR II: 8-9).  When Enriquez arrived on the scene, a group of police officers

were attempting to separate two large groups of people involved in an altercation

outside the bar.  (RR II: 9).  The police officers, including Enriquez, determined

---

[1] The Clerk's Record contains two copies of the judgment.  The first copy, in the Clerk's Record at pp. 51-52, incorrectly reflects that appellant pled guilty to the offense of resisting arrest. Although this judgment is in the record, it does not bear a file stamp.  The second judgment, in the Clerk's Record at pp. 56-57, correctly reflects that appellant pled not guilty.  This judgment was filed August 11, 2014.

the scene was under control and no further officer intervention was required. (RR II: 10-11). But, appellant[2] attempted to reengage into the disturbance instead of walking away. (RR II: 11). Enriquez announced he was "police" and commanded appellant to "stay back" and "go home." (RR II: 11). Enriquez instructed appellant numerous times to go with his friends and go home for the night. (RR II: 11).

Appellant, however, appeared highly agitated and angry towards someone involved in the disturbance. (RR II: 11). Appellant was yelling, screaming, visibly angry and pulling away from his friends. (RR II: 12). Appellant appeared intoxicated, was uncooperative, and smelled of alcohol. (RR II: 12). Enriquez told appellant to turn around and leave, but he wouldn't. (RR II: 12).

Enriquez pleaded with appellant's friends to remove him from the scene. (RR II: 12). But, appellant struggled with his friends to break free of them and run back to the disturbance. (RR II: 12). Appellant cursed at Enriquez. (RR II: 12). At this point, Enriquez decided to arrest appellant for public intoxication to get him under control. (RR II: 13). As Enriquez grabbed appellant's arm to place him under arrest, appellant pulled his arm away in a manner that Enriquez perceived as threatening. (RR II: 13). Enriquez immediately lunged forward and pushed appellant against a wall to gain control of him. (RR II: 13). But, Enriquez failed

---

[2] Enriquez identified appellant in court. (RR II: 10).

6

to get control of appellant, so he threw him onto the ground. (RR II: 14). Although Enriquez was on top of appellant who was on the ground on his back, appellant put Enriquez in a headlock and used his arms to squeeze Enriquez's head on his (appellant's) chest. (RR II: 14).

Appellant's friends tried to pull Enriquez off of appellant, but Enriquez couldn't move because appellant was holding onto him. (RR II: 15). Enriquez began to punch appellant in the face, the only available "target," to try to break free from appellant's grip. (RR II: 15-16). Other police officers arrived on the scene and helped Enriquez break free of appellant's hold. (RR II: 16). At this point, Enriquez and two other police officers struggled with appellant and placed him under arrest. (RR II: 16-17, 19).

Austin Police Officer Christopher Kelly also responded to the disturbance at the 512 Bar. (RR II: 37). The scene was very chaotic, and Kelly observed several officers on the ground with an individual. (RR II: 39).

In his defense, appellant called his friend Neal James, who had been with appellant the night of this offense, to testify. James testified that appellant was calm that night and that the police officers assaulted appellant. (RR II: 88). James did not see appellant put Enriquez in a headlock or resist arrest. (RR II: 89). James tried to remove appellant from the situation with the officers. (RR II: 89).

7

James testified appellant was unable to leave the scene, rather than unwilling. (RR II: 89).

After argument from both parties, the judge found appellant guilty of the lesser included offense of resisting arrest, a Class A misdemeanor. (RR II: 98). The State had no evidence at punishment and deferred to the court. (RR II: 98). The defense also did not offer any punishment evidence but asked for time served, which was two days, as punishment. (RR II: 98). The court sentenced appellant to ten days in jail, with credit for time served, and no fine. (RR II: 98). The court allowed the balance of appellant's jail time to be served on the weekends. (RR II: 98).

## NATURE OF APPEAL

Appellant's counsel has filed a brief which, in the State's opinion, is in accordance with *Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978); and *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969), in that it presents a comprehensive review of possible legal issues in this trial. In her brief, appellant's counsel states that she has filed a motion to withdraw along with the brief and requests this Court to permit her to withdraw if the Court finds the appeal to be frivolous. Appellate counsel also states in her brief that she has served appellant with a copy of her appellate brief and advised him of his rights on appeal.

8

## STATE'S RESPONSE TO APPELLANT'S BRIEF

### THE STATE AGREES THAT THERE ARE NO MERITORIOUS GROUNDS OF ERROR AND THAT THIS APPEAL IS FRIVOLOUS.

The State agrees with appellant's counsel that the record does not disclose any reversible error upon which this Court may grant relief. Appellant's attorney has complied with the requirements outlined by *Penson v. Ohio*, 488 U.S. 75 (1988), and *High*, 573 S.W.2d 807, supporting a proper examination of the record. The brief filed by counsel for appellant provides a discussion of the proceedings contained in the record and makes references to locate testimony and rulings. The brief submitted is evidence of counsel's conscientious examination of the record as required by the United States Supreme Court. *Anders*, 386 U.S. at 744; *Penson*, 488 U.S. at 80. The State agrees with counsel's conclusion that this appeal is frivolous.

Appellant, having been informed of his counsel's view that his appeal is without merit, has an opportunity to submit arguments *pro se* to rebut the foregoing conclusions. In the event appellant files such a *pro se* brief, the State requests a reasonable time to respond by way of supplemental brief. Absent a *pro se* brief by appellant, or upon the expiration of such time as the court may allow appellant to file, the State respectfully requests this Honorable Court to determine that this appeal is wholly frivolous and to affirm appellant's conviction.

9

If, however, this Court determines that a particular issue needs to be briefed more thoroughly, the State asks the Court to appoint new counsel for appellant and to allow the State the opportunity to respond to any further briefing. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

## PRAYER

WHEREFORE PREMISES CONSIDERED, the State prays this court to find that this appeal is frivolous and to affirm the judgment of the trial court.

Respectfully submitted,

**ROSEMARY LEHMBERG**
District Attorney
Travis County, Texas

*/s/ Lisa Stewart*
Lisa Stewart
Assistant District Attorney
State Bar No. 06022700
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax No. (512) 854-4810
Lisa.Stewart@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the State certifies that the length of this brief is 1,188 words. The State also certifies, pursuant to Texas Rule of Appellate Procedure 9.4(e), a conventional typeface 14-point was used to generate this brief.

*/s/ Lisa Stewart*
Lisa Stewart
Assistant District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the 8th day of January, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, Chantal Eldridge, 6526 Needham Lane, Austin, Texas 78739, celdridge1@austin.rr.com, or FAX: (512) 402-5559.

*/s/ Lisa Stewart*
Lisa Stewart
Assistant District Attorney